UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DAVID CHALUE,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**RAYMOND ROYCE,** )<br>)<br>Respondent. )<br>) | Civil Action No. 3:22-cv-30030 |

**RESPONDENT'S ANSWER TO THE PETITIONER'S**
**PETITION FOR A WRIT OF HABEAS CORPUS**

Pursuant to Rule 5 of the Rules Governing Habeas Corpus Cases Under Section 2254, the respondent, Raymond Royce, hereby answers the petition for a writ of habeas corpus filed by the petitioner, David Chalue:

1. (a) Admitted.

    (b) Admitted.

2. (a). Admitted.

    (b). Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. (a). Admitted.

    (b). Left blank by the petitioner.

    (c). Admitted.

7. Admitted.

1

8. Admitted.

9. (a)-(e). Admitted.

    (f). The grounds for the petitioner's appeal are set forth in his brief, which was filed in the Massachusetts Supreme Judicial Court, and speaks for itself. To the extent the petitioner's summary of those grounds differs from his actual filings, the respondent denies the allegations.

    (g). Admitted.

    (h). Admitted.

10. Admitted.

11. (a)-(c). Left blank by the petitioner.

    (d)(1). Denied. Not applicable. Petitioner answered "no" in paragraph 10 above.

    (d)(2)-(3). Left blank by the petitioner.

    (e). Left blank by the petitioner.

12. **<u>GROUND ONE</u>:**

    (a). The respondent states that the Ground One section of paragraph 12 of the petition contains legal arguments and conclusions of law to which no response is required. To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in the Ground One section of paragraph 12 of the petition insofar as they are inconsistent with the state-court record.

    (b). Left blank by the petitioner. To the extent the petitioner's failure to offer allegations is intended or construed as an assertion that the claim in Ground

       One is exhausted, the respondent denies that a federal claim coextensive with Ground One was presented to the state courts.

(c)(1). Admitted. Denied. The Respondent denies that a federal claim coextensive with the Claim alleged in Ground One was presented to the state courts.

(c)(2). Left blank by the petitioner.

(d)(1). Admitted.

(d)(2)-(7). Left blank by the petitioner.

(e). Left blank by the petitioner.

## GROUND TWO:

(a). The respondent states that the Ground Two section of paragraph 12 of the petition contains legal arguments and conclusions of law to which no response is required. To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in the Ground Two section of paragraph 12 of the petition insofar as they are inconsistent with the state-court record.

(b). Left blank by the petitioner. To the extent the petitioner's failure to offer allegations is intended or construed as an assertion that the claim in Ground Three is exhausted, the respondent denies that a federal claim coextensive with the claim alleged in Ground Three was presented to the state courts.

(c)(1). Denied. The Respondent denies that a federal claim coextensive with the Claim alleged in Ground Two was presented to the state courts.

(c)(2). Left blank by the petitioner.

(d)(1).  Admitted.

(d)(2)-(7).  Left blank by the petitioner.

(e).  Left blank by the petitioner.

**GROUND THREE:**

    (a).  The respondent states that the Claim Three section of paragraph 12 of the petition contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in the Claim Three section of paragraph 12 of the petition insofar as they are inconsistent with the state-court record.

    (b).  Left blank by the petitioner.  To the extent the petitioner's failure to offer allegations is intended or construed as an assertion that the claim in Ground Three is exhausted, the respondent denies that a federal claim coextensive with the claim alleged in Ground Three was presented to the state courts.

    (c)(1).  Denied. The Respondent denies that a federal claim coextensive with the Claim alleged in Ground Three was presented to the state courts.

    (c)(2).  Left blank by the petitioner.

    (d)(1).  Admitted.

    (d)(2)-(7).  Left blank by the petitioner.

    (e).  Left blank by the petitioner.

**GROUND FOUR:**

Left blank by the petitioner.

13.    (a). Denied.

      (b).Denied. The Respondent denies that a federal claim coextensive with the Claims alleged in Grounds One, Two and Three was presented to the state courts.

14.    Admitted.

15.    Admitted.

16.    (a) Left blank by the petitioner.

      (b)-(e).   Admitted.

      (f)-(g) Left blank by the petitioner.

17.    Admitted.

18.    This paragraph contains a conclusion of law to which no response is required. To the extent that a response id required, the respondent denies the allegations in paragraph 18.

Pursuant to Rule 5(b) of the Rules Governing Habeas Corpus Cases Under Section 2254, the respondent states that the petitioner's action is defective for the reasons stated in the Affirmative Defenses listed below. The information and/or materials required by Rules 5(c) and 5(d), and this Court's order of June 15, 2022, are contained in the respondent's Supplemental Answer, filed on the same day as this Answer.

### First Affirmative Defense

The state court's adjudication of the petitioner's claims was not contrary to or an unreasonable application of clearly-established Supreme Court law; nor was it based upon an unreasonable determination of facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. § 2254(d).

### Second Affirmative Defense

The petitioner cannot rebut the presumption of correctness accorded to the state court's factual determinations underlying his purportedly federal constitutional claims. See 28 U.S.C. § 2254(e)(1).

### Third Affirmative Defense

The petition should be denied to the extent that the decision of the state court below rests on a state-law ground that is both independent of the federal questions the petitioner presents here and adequate to support the judgment.

### Fourth Affirmative Defense

The petition should be dismissed to the extent it fails to state a claim upon which habeas corpus relief may be granted.

### Fifth Affirmative Defense

The petition should be dismissed to the extent one or more of its claims are harmless under the standards set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993).

### Sixth Affirmative Defense

The petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

### Seventh Affirmative Defense

The petition should be denied to the extent that any of its grounds for relief are premised solely on matters of state law.

### Eighth Affirmative Defense

The petition should be denied to the extent one or more of its grounds for relief are unexhausted.

### Ninth Affirmative Defense

The petitioner is not in custody in violation of the Constitution, laws, or treaties of the United States.  See 28 U.S.C. §§ 2241(c), 2254(a).

The respondent respectfully reserves the right to amend or supplement this Answer and the Supplemental Answer in the future should that need arise.

                                                      Respectfully submitted,

                                                      MAURA HEALEY
                                                      Attorney General

                                                      /s/ David F. Capeless
                                                      David F. Capeless (BBO # 072570)
                                                      Special Assistant Attorney General
                                                      Criminal Bureau
                                                      One Ashburton Place
                                                      Boston, Massachusetts  02108
                                                      (413) 447-5530
                                                      david.f.capeless@state.ma.us

Dated:  June 30, 2022

### CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on June 30, 2022, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including Andrew Crouch, Esq., counsel for the petitioner in this matter.  There are no non-registered participants involved in this case.

Dated:  June 30, 2022                       /s/ David F. Capeless
                                            David F. Capeless